**SOVEREIGN CAMP, W. O. W., v. WILENTZ, Atty. Gen., et al.**

**No. 5515.**

District Court, D. New Jersey.

March 21, 1938.

Arthur T. Vanderbilt, of Newark, N. J. (Thomson, Wood & Hoffman, of New York City, of counsel), for complainant.

William A. Stevens, of Red Bank, N. J. (E. J. Dimock, B. L. Visscher, and L. Arnold Frye, all of New York City, of counsel), for Municipal Finance Commission.

Joseph Varbalow, of Camden, N. J., (Harry Grossman, of Camden, N. J., of counsel), for Members of Board of Assessors and Tax Collector of Borough of Runnemede.

Before DAVIS, Circuit Judge, and AVIS and FORMAN, District Judges.

AVIS, District Judge.

The bill of complaint in this cause contains four counts; the first, in general, alleging that the school district of Runnemede, N. J., is coterminous with the borough of Runnemede, a municipal corporation of the state of New Jersey, and that complainant is the owner and holder of a final judgment, in the amount of $21,-776.21, entered in this court on December 5, 1935, against the board of education of said borough on certain bonds, then matured, and overdue coupons, held by said complainant and unpaid; that execution was issued on said judgment, served by the United States Marshal on the officers of said borough as required by law, and returned nulla bona on January 5, 1936; that the officers of said borough have failed and neglected to provide for the payment of said judgment in accordance with the statutes of the State of New Jersey and to make an assessment upon the persons and

property in said borough to raise the money to satisfy said judgment and execution.

The first count of said bill further alleges that a mandamus proceeding is pending in this court, which is undetermined.

It is alleged that the failure and refusal of the officers of said borough to make said assessment and levy is based upon the fact that said school district is and has been under the control of the Municipal Finance Commission of the State of New Jersey, under the statutes of said State; and in accordance with the provisions of said statutes no judgment, levy, or execution against such school district or property thereof shall be enforced until otherwise specially ordered by the Supreme Court of the State of New Jersey, or a justice thereof, after notice to the commission, etc.

It is further alleged that the statute authorizing the said commission was passed and approved after the issue of the bonds and coupons, the basis of the judgment so held by the complainant.

The prayers of this count are: (a) That subpœna issue; (b) that defendant Municipal Finance Commission be restrained from functioning in said school district; (c) that said commission be temporarily restrained; (d) that this court adjudge and declare chapter 330, Laws of 1933, as amended, R.S.1937, 52:27–1 et seq., N.J.St.Annuals, § *136—4700(102) et seq., and chapters 195 and 258, Laws of 1935, as amended and supplemented, R.S.1937, 52:27–45 et seq., N.J.St.Annual. 1936, §§ *136—4700(415), 185—105m(1) et seq., unconstitutional and void in so far as they attempt to affect the enforceability of complainant's bonds and judgment by staying proceedings for the enforcement thereof; (e) that the assessing and collecting officers of said borough be restrained from assessing, levying, or collecting any taxes in said borough for the year 1936, without including the amount due on complainant's judgment; (f) that it be adjudged and declared that complainant's right to collect is governed solely by section 35 of the Execution Act, 2 Comp.St.1910, p. 2256, § 35, and section 237 of the School Laws of New Jersey, R.S.1937, 2:26–85, 4 Comp. St.1910, p. 4804, § 237, as cited in the bill of complaint; (g) other and further relief as may be equitable and just.

The second count embodies all of the allegations of fact and law contained in the first count; alleges that it owns bonds of the school district of Runnemede, dated June 1, 1930, numbered 9 to 78, inclusive, in the amount of $1,000 each, with the interest coupons attached, the principal of said bonds accruing serially, and that by reason of the enactment of the statutes relating to the Municipal Finance Commission, which attempt to restrain the enforcement of any obligations of a municipality under the supervision of said commission, a cloud of unenforceability has been publicly cast upon complainant's bonds, and that by reason thereof complainant has been and will continue to be irreparably damaged.

The prayers in this count are: (a) For subpœna; (b) that the cloud be removed by restraint against defendants Wilentz, Martin, and Darby, constituting the Municipal Finance Commission, and the commission restrained from functioning in said school district; (c) that temporary or interlocutory injunction and restraint issue; (d) that the statutes creating the Municipal Finance Commission be declared unconstitutional and void as to complainant's bonds; (e) that complainant's rights to compel a levy and collection of taxes is governed solely by the Execution Act and school laws of the State of New Jersey; (f) for other and further relief as may be equitable and just.

The third count realleges the facts and law as contained in the first count, and further alleges that the commission has approved resolutions of the borough providing for compromise of certain taxes and assessments due said borough by accepting bonds in payment thereof. Alleges that such action gives a preference; that the security of complainant's bonds is thereby impaired, all of which is in violation of the United States Constitution, to wit, article 1, § 10.

The prayers are: (a) for subpœna; (b) that the Municipal Finance Commission be restrained from assenting to such compromises; (c) that said commission be restrained from authorizing or assenting to the acceptance of any medium other than lawful money in payment of taxes; (d) that the tax collector of the borough be restrained from receiving payment of taxes, except upon payment of full amount, interest, and penalties; (e) that said collector be restrained from accepting any medium in payment of taxes other than lawful money; (f) that this court decree that section 6 of chapter 330, Laws of 1933, as amended and supplemented, R.S.1937,

52:27–26, N.J.St.Annual 1933, § *136—4700(212), to be unconstitutional and void as to complainant's judgment and bonds, as being contrary to article 1, section 10, of the United States Constitution; (g) for other and further relief.

Count 4 realleges and reaffirms the facts and law alleged in the first count and in paragraph 2 of the second count, and is in the nature of an action for a declaratory decree as to the right of the complainant to make collection on its bonds and coupons because of the unconstitutionality of the stays contained in the Municipal Finance Commission Acts of the State of New Jersey.

Its prayers are: (a) For subpœna; (b) that this court hold, adjudge, and declare that, as to the school district bonds issued prior to their enactment, the Municipal Finance Commission Acts of the State of New Jersey are unconstitutional and void, contrary to article 1, section 10, of the United States Constitution; (c) that the commission be enjoined in the enforcement and execution of said statutes; (d) that this court restrain the commission and its members from functioning in the school district of the borough of Runnemede; (e) for other and further relief.

The matter came before the court originally on June 29, 1936, when it appeared that the validity of a state statute was challenged, requiring the convening of a three-judge court. Arrangements were made to convene such a court, and on the aforesaid date an order to show cause was issued, returnable on July 9, 1936, at Trenton.

On that date, after a hearing, it was agreed in open court that the defendants would not accept or approve the acceptance, until the further order of the court, of bonds of the borough or school district of Runnemede in payment of current or delinquent taxes, and, further, that counsel would prepare for final hearing on or before September 15, 1936. Upon this agreement, no preliminary injunction was issued, and decision on all questions was postponed until final hearing.

Answer for all defendants was filed on August 1, 1936, and final hearing took place on October 29, 1936. On this date a stipulation of certain facts, signed by counsel for the respective parties, was filed, and some witnesses produced who gave their testimony.

Argument has been heard and briefs submitted.

From the testimony taken, and the stipulation filed, we find as facts: (1) That the borough of Runnemede is a municipal corporation of the State of New Jersey; (2) that the board of education of the borough of Runnemede is coterminous with the borough of Runnemede; (3) that on or about June 1, 1930, the board of education of the borough of Runnemede issued and sold $78,000 school bonds, dated June 1, 1930, numbered 1 to 78, inclusive, of the denomination of $1,000 each, and bearing interest at the rate of $5\frac{1}{4}$ per cent. per annum, payable semiannually on the first days of June and December of each year; that complainant purchased all of said bonds; that the bonds were serial bonds, maturing in numerical order, $2,000 on June 1st in each year 1932 to 1937, inclusive, and $3,000 on June 1st in each year 1938 to 1959, inclusive; that on June 1, 1932, numbers 1 and 2 of said bonds were paid; that the bonds thereafter maturing have not been paid; and that the interest on the remaining bonds, which became due on June 1, 1932, or at any subsequent date, has not been paid; (4) that upon May 15, 1934, after a summary investigation, and upon application of the borough of Runnemede, Frank T. Lloyd, justice of the Supreme Court of the State of New Jersey, made and entered an order, in which it was determined that the borough was unable to meet its obligations, and the Municipal Finance Commission was authorized and instructed to function in said borough with all the powers and duties conferred by the statute; (5) that thereupon the said commission commenced to function in said borough, and has since that time so functioned with relation thereto, as well as with relation to the said board of education; (6) that judgment on the overdue bonds, and the delinquent interest represented by the coupons upon which default had been made, was entered in this court in a suit brought by complainant on December 5, 1935, for the sum of $21,776.21; (7) that execution was issued thereon, on December 24, 1935, directed to the marshal of the district of New Jersey, which execution was in the usual form, and was returned by the said marshal as served upon Gardner S. Driver, secretary of the Camden county board of taxation, Albert W. Spencer, tax collector of the borough of Runnemede, and William G. Hirsch, tax assessor for said borough; (8) that

Arthur T. Vanderbilt, counsel for complainant, on January 3, 1936, addressed a letter to Conwood (Conrad) Weber, secretary, board of tax assessments of said borough, reciting the serving of the execution, and inquiring as to whether the board of assessors would assess and levy the amount due on the execution, and that no reply thereto was ever received; (9) that the said Arthur T. Vanderbilt, counsel as aforesaid, also wrote and dispatched a letter to the secretary of the Camden county board of taxation, requesting information as to whether the said board of taxation would add the amount due upon the execution to the amount certified by the taxing officials of said borough, pursuant to section 505 of P.L.1918, c. 236, as amended, R.S.1937, 2:26–84, 54:4–42 et seq., N.J.St.Annual 1933, § 208—66d (505). To this letter said secretary replied, advising that the matter would be referred to his board, and that said board would probably refer the matter to the county solicitor. The county solicitor, on or about February 24, 1936, by letter, advised counsel for complainant that the Camden county board of taxation would not so add the amount, until the determination of the mandamus proceedings then pending; (10) that the board of assessors failed and omitted to add the amount of said judgment to the moneys to be raised for the year 1936, and that one reason for said failure and omission was because the Municipal Finance Commission was functioning in the municipality, and that said assessors made no change in the rate as fixed by the county tax board; that the county tax board made no change to include the amount due on the execution because it had been advised by special counsel of the Municipal Finance Commission that litigation was then pending in the United States District Court for the District of New Jersey as to the necessity of adding said additional amount; (11) although the evidence produced by complainant relating to the effect of the legislation claimed to be unconstitutional upon the value of municipal securities is undisputed, it is not sufficient to establish the fact claimed by complainant that said legislation has publicly cast a cloud of unenforceability, or that by reason thereof the market value of complainant's bonds has been greatly depreciated.

### Conclusions of Law.

We are satisfied that, under the provisions of section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380, the issues raised in the pleadings in this cause have been legally presented to a three-judge court, and that this court, as constituted, has jurisdiction to dispose of the question of preliminary injunction, as well as the determination of the issues presented by the pleadings. All matters involved were, by stipulation and order, continued to final hearing, upon the agreement of defendants not to accept or approve acceptance of bonds in payment of current or delinquent taxes until the further order of the court.

We hold that the members of the Municipal Finance Commission are proper, necessary, and indispensable parties to the action because of the supervisory control which the act of the Legislature of the state of New Jersey gives them over the municipality in question; that as such members they are given authority to enforce the provisions of the act; and that such authority invests them with powers making it necessary that they should be party defendants for the enforcement of any decree that may be made in this action. This conclusion applies to all of the counts in the bill of complaint.

We also determine that the rights of the complainant are not impaired or changed by reason of the fact that the judgment on bonds and coupons has been entered in this court, but that its rights are to be determined by the law in effect at the time the bonds were issued and the contract made.

We have examined the proofs and considered the argument and briefs submitted as to the relief prayed for in count 1, and have concluded, without citing the many authorities presented on behalf of all parties, that the complainant is entitled to a decree adjudging and declaring chapter 330, Laws of New Jersey 1933, and chapters 195 and 258, Laws of New Jersey 1935, as amended and supplemented, to be unconstitutional and void in so far as they affect the right of the complainant to enforce its judgment obtained and entered in this court, and that such enforcement shall be in accordance with the laws existing in the State of New Jersey at the time of the issuance and sale of the bonds in question, and the laws applicable are section 35 of the Execution Act, 2 Comp. Stat.1910, p. 2256, § 35, and section 237 of the School Law, R.S.1937, 2:26–85, 4 Comp.Stat.1910, 4804, § 237. The provi-

sions of the Tax Act of 1918 did not, by implication, repeal the above-mentioned laws, upon which the complainant relies. Such repeals are not favored, and the provisions of the various statutes are not materially inconsistent.

The defendants, members of the Municipal Finance Commission, will be restrained from functioning in the borough of Runnemede, to the extent that such functioning may be inconsistent with the right of the complainant to enforce its execution in the manner herein stated.

The prayer to enjoin and restrain the assessors of said borough from assessing and levying the taxes, and the collector from collecting same, without including therein the amount of complainant's judgment is denied, as beyond the power of this court, as well as unnecessary in view of the relief granted on other prayers.

We are not construing the provisions of the Municipal Finance Commission Acts of the State of New Jersey, its constitutionality, or its effect, except as the stays therein contained affect the right of the complainant to enforce its judgment.

As to count 2, we have determined as a fact that the complainant has not produced sufficient evidence to satisfy the court that it should use the extraordinary remedy of injunction to restrain the members of the Municipal Finance Commission from functioning in the borough of Runnemede, and the conclusions as to count 1 of the complaint give ample and sufficient protection for the collection of the balance of the bonds owned by complainant.

The necessity for an injunction under count 3 appears to be moot, if the commission adheres to its present policy. However, it is apparent that settlement of taxes by the acceptance of bonds may materially interfere with the complainant in the collection of its judgment, and restraint will be granted enjoining the defendants from making settlement for taxes by any medium except in accordance with the laws of the State of New Jersey.

Count 4 is based upon, and asks for relief under, the Declaratory Judgment Act, Jud.Code, § 274d, as amended, 28 U. S.C.A. § 400. An examination of the cases indicates that the complainant has an "actual controversy," under the provisions of that act, and is entitled to a decree of similar character to that granted herein with relation to count 1, applicable to the remainder of complainant's bonds, if and when judgment may be entered thereon, or any portion thereof, in this court and execution issued.

Decree will be made in accordance with this opinion.